**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERT EUGENE ALLEN,<br><br>               Petitioner - Appellant,<br><br>     v.<br><br>JIM BENEDETTI and ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>               Respondents - Appellees. | No. 14-16671<br><br>D.C. No. 3:07-cv-00449-LRH-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: BLACK,[**] CLIFTON, and N.R. SMITH, Circuit Judges.

Robert Allen appeals the district court's dismissal of his habeas petition,

alleging, inter alia, that the State struck a potential juror based on her race in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). We have jurisdiction over these claims under 28 U.S.C. § 2253, and we affirm.

Where, as here, the state Supreme Court has denied post-conviction relief due to procedural default, we review a defendant's habeas claims de novo. *Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005). The district court elected to look past the question of procedural default to the merits of Allen's underlying claims, and we do the same. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).

Allen, who is black, was tried for the murder of his wife, Laurel, who was white. During voir dire, the State struck a black juror, which Allen challenged under *Batson*. Courts evaluate *Batson* claims using a three-part test. First, "'the defendant must make a prima facie showing that a [peremptory] challenge was based on race.'" *Briggs v. Grounds*, 682 F.3d 1165, 1169 (9th Cir. 2012) (quoting *Ali v. Hickman*, 584 F.3d 1174, 1180 (9th Cir. 2009)). Second, if the requisite showing has been made, the "prosecutor must offer a race-neutral basis for the challenge." *Id.* Finally, the court "must determine whether the defendant has shown 'purposeful discrimination.'" *Id.*; *Hernandez v. New York*, 500 U.S. 352, 358-59

2

(1991). The trial court's finding of no purposeful discrimination at *Batson* step three is a factual finding subject to review for clear error. *Hernandez,* 500 U.S. at 369.

Here, the first step of the *Batson* analysis is moot because the prosecutor and the court engaged in the second and third steps. *Id.* at 359. With regard to the second step, when asked by the court to explain himself, the prosecutor said he had chosen to strike the juror because she was a teacher and he "d[id]n't have good experiences with people with a teaching background." Allen concedes that this was a race-neutral justification. The trial judge responded, "I fail to see how a teacher gives the motivation, but you're entitled to your proclivities." In finding no purposeful discrimination, the judge noted that there was no pattern of discriminatory strikes and that strikes based on no more than "intuition" are generally permissible. The district court agreed that there had been no showing of purposeful discrimination on the third step.

On review, we find no evidence to overturn this conclusion, particularly when reviewed for clear error. "Although the prosecutor's reasons for the strike must relate to the case to be tried, the court need not believe that 'the stated reason represents a sound strategic judgment' to find the prosecutor's rationale persuasive; rather, it need be convinced only that the justification 'should be

3

believed.'" *Jamerson v. Runnels*, 713 F.3d 1218, 1224 (9th Cir. 2013) (quoting

*Hernandez*, 500 U.S. at 365). The *Jamerson* court upheld a juror strike against a

*Batson* challenge when the prosecutor's reason for the strike was that he had

"terrible experiences with postal workers." *Id.* at 1234. Similarly, it was not clear

error in this case for the court to believe the prosecutor.[1] Even if the logic behind

striking a juror for being a teacher is not intuitive, it was sufficiently related to the

prosecutor's "[c]oncern that a juror might have reason to sympathize or identify

with the defendant" to survive the *Batson* challenge. *Id.* at 1229.

Moreover, there is no other indication that the prosecution's reason for

striking the juror was pretextual. The prosecution's failure to question a potential

juror personally does not suggest pretext when, as here, the court and not the

attorneys conducted the relevant questioning. *Id.* at 1229-30. And while "[a]

comparative analysis of jurors struck and those remaining is a well-established tool

for exploring the possibility that facially race-neutral reasons are a pretext for

discrimination," *Tuner v. Marshall*, 121 F.3d 1248, 1251 (9th Cir. 1997), in this

case there are no relevant comparators to the stricken juror. *See Mitleider v. Hall*,

---

[1] The *Jamerson* court reviewed the trial court's finding under a doubly deferential standard of review. *Id.* at 1225. We review under the clear error standard, but nevertheless find that the trial court's decision and reasoning pass muster.

391 F.3d 1039, 1050 (9th Cir. 2004) (rejecting a comparative juror analysis offered by the defense because the two jurors were "factually distinguishable"). While Allen points us to several other jurors with some form of teaching experience whom the State did not strike, none was a current teacher. Indeed, Allen construes "teaching experience" far beyond the typical teacher: one of the potential jurors had taught networking courses at a learning center, and another had been a teacher's assistant for severely disabled children. The two who had classroom experience teaching at a primary or secondary school were no longer teaching and each had held several non-teaching jobs. Moreover, three of the four comparators were struck by the defense prior to the close of voir dire.

Because there is no basis for a comparative juror analysis, the outcome of Allen's motion to supplement the record to include driver's license photographs of the other jurors he has identified as having a teaching background is not material to the outcome of this case. However, as permitted in accordance with this court's precedent in *Jamerson,* we nonetheless grant the motion in order to ensure a complete record should parties pursue further appeals. *See* 713 F.3d at 1226 (holding that "*Pinholster* does not bar our consideration of evidence reconstructing the racial composition of a petitioner's jury venire").

5

Finally, Allen has also raised three uncertified claims related to statements made by a prospective juror during voir dire, ineffective assistance of appellate counsel, and the issue of state court default. Allen has not made a substantial showing of the denial of a constitutional right with respect to any of these claims, as required for an appeals court to grant a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We accordingly decline to certify them.

The district court's dismissal of Allen's habeas petition is AFFIRMED. Allen's motion to supplement the record is GRANTED. Allen's motion to expand the COA is DENIED.